## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROSARIO V. ASUNCION, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-02307-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| SPECIALIZED LOAN SERVINCING INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is a civil action filed by Plaintiff Rosario Asuncion ("Plaintiff") against Specialized Loan Servicing LLC, sued as Specialized Loan Servicing, Inc. ("SLS"), Citibank, N.A., as trustee for the holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR3 ("Citibank"), Bank of America, N.A. ("BOA"), Mortgage Electronics Registration Systems, Inc. ("MERS"), and ReconTrust Company N.A. ("ReconTrust") (collectively "Defendants") (Sec. Am. Complaint, ECF No. 1-3.) Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 6) on January 31, 2014, and Plaintiff filed a Response in Opposition (ECF No. 9) on February 24, 2014.  On March 19, 2014, Defendants filed a Reply in Support of their Motion to Dismiss. (ECF No. 12.)

For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 6.)

## I.     BACKGROUND

On August 10, 2004, Plaintiff became the owner of property located at 282 Angels Trace Court, Las Vegas, Nevada 89148, APN# 176-08-410-018 (the "Property"). (Sale Deed,

ECF No. 6-1.)[1] On March 1, 2007, Plaintiff obtained a $576,000 loan from Countrywide secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 6-2.)[2] That same day, Plaintiff also obtained a $72,000 home equity line of credit from Countrywide, which was secured with a Junior Deed of Trust on the Property. (Junior Deed of Trust, ECF No. 6-3.)[3] Both deeds named MERS as the beneficiary and ReconTrust as the Trustee and granted MERS the right to foreclose on the Property in the event of default. (Deed of Trust, ECF No. 6-2); (Junior Deed of Trust, ECF No. 6-3.) On April 27, 2011, MERS, as nominee for Countrywide, assigned the senior Deed of Trust to Citibank. (First Assignment of Deed of Trust, ECF No. 6-5.)[4]

Plaintiff filed the operable Second Amended Complaint in state court on November 14, 2013. (Sec. Am. Complaint, ECF No. 1-3.) In her Second Amended Complaint, Plaintiff asserts that on November 9, 2012, she received a Notice of Transfer of Servicing Rights from SLS stating that it had obtained the servicing rights of her debt secured by the Property. (*Id.* ¶ 30.) Then on May 9, 2013, she received a non-recorded Notice of Default and Intent to Foreclose from SLS relating to the Property. (*Id.* ¶ 35.) Plaintiff subsequently brought the present action seeking a declaration that would quiet title and grant her ownership in fee simple over the Property on the grounds that the Deed of Trust was not properly assigned following its securitization in April of 2007. (*Id.* ¶ 92.) Importantly, however, Plaintiff does not dispute in her pleadings that she is in default under the Deed of Trust. (*Id.*)

---

[1] The Court takes judicial notice of Exhibits A-F of Defendants' Motion to Dismiss (ECF No. 6.) *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office. The Sale Deed was recorded in Clark County as Book and Instrument No. 20040813-0001167. (Sale Deed, ECF No. 6-1.)
[2] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20070307-0003916. (Deed of Trust, ECF No. 6-2.)
[3] The Junior Deed of Trust was recorded in Clark County as Book and Instrument No. 20070307-0003917. (Junior Deed of Trust, ECF No. 6-3.)
[4] The First Assignment of Deed of Trust was recorded in Clark County as Book and Instrument No. 20131113-0001652. (First Assignment of Deed of Trust, ECF No. 6-5.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  DISCUSSION

Plaintiff's sole claim in her Second Amended Complaint is for quiet title based upon defective assignments or violations of the Pooling and Servicing Agreement ("PSA") relating to the Deed of Trust. (Sec. Am. Complaint ¶¶ 87-97, ECF No. 1-3.)   In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P. 2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 966 (D. Nev. 2012) (quoting *Lalwani v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00084-KJD-PAL, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011)).

Plaintiff here is challenging the validity of the procedures by which her mortgage was securitized and assigned, but she has failed to allege in her Second Amended Complaint that she was not in default on the mortgage.  Though Plaintiff does not expressly admit in her filings that she is in default on the mortgage, in her Response, she does not offer any objection to Defendants' assertions of her default in their Motion to Dismiss.  Plaintiff, therefore, cannot prove good title over the Property in herself, and this cause of action must be dismissed without leave to amend.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.  Plaintiff's Second Amended Complaint is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this ___20___ day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge